IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

NAGHIBHAI PATEL, *et al.*,
Plaintiffs,

v. Civil No. 3:26cv414 (DJN)

MARKWAYNE MULLINS, *et al*,
Defendants.

**MEMORANDUM ORDER**
**(Granting Motion to Dismiss; Denying as Moot Motion for Summary Judgment)**

This matter comes before the Court on two motions filed by Defendants Secretary of Homeland Security Markwayne Mullin and Director of U.S. Citizenship and Immigration Services ("USCIS") Joseph Edlow (collectively, "Defendants"): a Motion to Dismiss (ECF No. 8 ("Motion to Dismiss")) and an alternative Motion for Summary Judgment (ECF No. 9 ("Motion for Summary Judgment").) Both motions concern the Petition for a Writ of Mandamus (ECF No. 1) filed by Plaintiffs Nagjibhai Patel and Yatin Patel (collectively, "Plaintiffs"). For the reasons set forth below, the Court hereby GRANTS Defendants' Motion to Dismiss (ECF No. 8), DISMISSES WITHOUT PREJUDICE Plaintiffs' Petition for a Writ of Mandamus (ECF No. 1) and DENIES AS MOOT Defendants' Motion for Summary Judgment (ECF No. 9).

## I. BACKGROUND

Plaintiff Nagjibhai Patel is a citizen and resident of India. (Pet. ¶ 10.) Nagjibhai's son, Plaintiff Yatin Patel, is a United States citizen presently residing in Mechanicsville, Virginia. (*Id.* ¶ 11.) Since 2022, Nagjibhai has been seeking lawful admission to the United States. (ECF No. 10-1 ¶ 4.) In October 2023, a consular officer found Nagjibhai inadmissible under 8 U.S.C.

§ 1182(a)(2)(A)(i)(I), because he admitted to committing a crime involving moral turpitude in 2000. (Pet. ¶¶ 16, 18.) USCIS consequently refused his visa application. (*Id.* ¶ 16.)

In March 2024, Nagjibhai filed with USCIS a Form I-601 application seeking a waiver of inadmissibility. (*Id.* ¶ 17.) That application remains pending. (*Id.* ¶ 21.) Plaintiffs now seek a writ of mandamus to compel Defendants to adjudicate the waiver application. (*Id.* ¶ 1.) They argue that USCIS's processing delay has been so long as to violate the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 702, and therefore ask the Court to use its mandamus powers to order the immediate adjudication of the waiver. (*Id.* ¶ 4–6 (citing 28 U.S.C. § 1361).) Because the Court lacks jurisdiction to reach both the APA and mandamus claims, the Petition must be dismissed.

## II. LEGAL STANDARD

Defendants move for dismissal of the Petition in part under Federal Rule of Civil Procedure 12(b)(1). A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction. A defendant moving for dismissal for lack of subject matter jurisdiction may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). Here, Defendants raise a facial challenge to the Court's subject matter jurisdiction. Accordingly, the Court accepts Plaintiffs' factual allegations as true and affords them the same procedural protections that they would receive under Rule 12(b)(6). *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Plaintiffs bear the burden of proof to establish jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d

765, 768 (4th Cir. 1991). The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

The APA allows a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But the APA bars judicial review of a challenge to "agency action [that] is committed to agency discretion by law." *Id.* § 701(a)(2); *Lovo v. Miller*, 107 F.4th 199, 210 (4th Cir. 2024). "[W]here an agency is not required to do something, [the Court] cannot compel the agency to act — let alone to act faster." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021). Plaintiffs' APA claim therefore turns on whether the Immigration and Nationality Act ("INA") or its implementing regulations require USCIS to adjudicate Plaintiff Nagjibhai Patel's waiver.

To determine whether an agency is bound to act, the Court must start with the text of the relevant statutes and regulations. "[U]nmistakably mandatory" language like the word "will" can provide evidence of mandatory action. *Lovo*, 107 F.4th at 211. In contrast, "explicit references to an agency's discretion, or even to discretionary language, such as the term 'may,' are generally construed as permissive rather than mandatory." *Id.* (quotation and citation omitted).

The INA commits the ultimate inadmissibility-waiver determination to the agency's discretion. Certain noncitizens are inadmissible under the INA for committing crimes involving moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(i)(I). However, the "Attorney General *may, in his discretion*," waive that ground of inadmissibility if the applicant satisfies certain statutory requirements. *Id.* § 1182(h) (emphasis added). Because USCIS retains the discretion whether to adjudicate the waiver at all, its delay in doing so is not actionable under the APA. *Letona Garcia*

*v. Edlow*, No. 8:25-CV-00032-PX, 2025 WL 3899825, at *1 (D. Md. Dec. 17, 2025) (citing *Lovo*, 107 F.4th at 216). In other words, nothing in the INA requires USCIS to reach a determination on the waiver application in the first instance, so the Court cannot compel it to come to a quicker decision. Therefore, this Court lacks subject matter jurisdiction over the delay here, because it is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

Nor do Plaintiffs' regulatory arguments compel a different conclusion. Plaintiffs contend that two regulations impose a mandatory duty upon USCIS to adjudicate the waiver application. First, § 212.7(a)(3) provides that "USCIS will provide a written decision." 8 C.F.R. § 212.7(a)(3). Second, § 103.3(a)(1)(i) requires USCIS to "explain in writing the specific reasons for denial." *Id.* § 103.3(a)(1)(i). Therefore, Plaintiffs urge that the delay here is subject to judicial review because USCIS is under a discrete, nondiscretionary duty to act. (ECF No. 12 at 4–5.) Not so.

"[T]he impact of seemingly mandatory or permissive language depends heavily on the context in which it appears." *Lovo*, 107 F.4th at 212 (citation omitted). Here, Plaintiffs misconstrue the regulations by plucking isolated provisions from their context. For instance, the requirement that USCIS provide a written decision only applies "[i]f the waiver application is denied." 8 C.F.R. § 212.7(a)(3). That provision therefore imposes a duty only after USCIS denies an application; it does not impose a freestanding duty to adjudicate the application in the first instance. Section 103.3(a)(1)(i) likewise conditions its written-explanation requirement upon denial. *See* 8 C.F.R. § 103.3(a)(1)(i) ("When a Service officer denies an application or petition filed under § 103.2 of this part, the officer shall explain in writing the specific reasons for denial."). In sum, nothing in the relevant regulations establishes that USCIS has a clear duty

to adjudicate the waiver application. Accordingly, the Court remains without subject matter jurisdiction.

The same reasoning defeats Plaintiffs' mandamus claim. As with the APA, "the Mandamus Act only permits federal courts to exercise jurisdiction if an agency has a clear duty to act." *Lovo*, 107 F.4th at 216. As discussed above, USCIS had no clear duty to adjudicate the waiver and so the Court also lacks subject matter jurisdiction over Plaintiffs' mandamus claim.

## IV. CONCLUSION

For the reasons stated above, the Court hereby GRANTS Defendants' Motion to Dismiss (ECF No. 8) and DISMISSES WITHOUT PREJUDICE Plaintiffs' Petition for a Writ of Mandamus (ECF No. 1.) Accordingly, the Court hereby DENIES AS MOOT Defendants' Motion for Summary Judgment (ECF No. 9.)

The Court DIRECTS the Clerk to CLOSE this case.

Let the Clerk file a copy of this Memorandum Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 25, 2026